## AMERICAN CASE & REGISTER CO. v. GRISWOLD et al.

(Supreme Court, Appellate Division, Third Department.   March 8, 1911.)

CORPORATIONS (§ 642*)—FOREIGN CORPORATIONS—DOING BUSINESS IN STATE. General Corporation Law (Consol. Laws, c. 23) § 15, forbids any foreign corporation to do business in the state without first procuring a certificate of authority so to do from the Secretary of State, and further forbids any such corporation doing business in the state to sue on any contract made in the state until such certificate is obtained.   Plaintiff, a foreign corporation, maintained a general agent for the sale of its product with a district covering a large part of the eastern end of the state, and an office operated under plaintiff's name, the records and data of which were plaintiff's property.   Goods were sold to defendant by the agent on a written order, subject to acceptance at the home office; the order providing that the advance payment should be returned to defendant on nonacceptance.   A note for the balance of the price, given under a misunderstanding, was returned to defendant; the balance due being stated to be left on open account.   *Held*, that the advance payment, to be returned on rejection of the order, was to be paid in the state, as was the balance of the account, and that the requirement of a foreign acceptance of the order was ineffective to make the contract other than a New York contract, so that plaintiff, having no certificate of authority, and its contract, were both within the statute, and no action could be maintained on the contract.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 2520–2527; Dec. Dig. § 642.*]

Appeal from Special Term, Washington County.

Action by the American Case & Register Company against Morgan B. Griswold and another.   From a judgment for plaintiff (125 N. Y. Supp. 4), defendants appeal.   Reversed, and new trial granted.

The plaintiff is a foreign corporation, organized under the laws of Ohio, with its principal office at Alliance, Ohio.   The defendants are doing business at Whitehall, Washington county, N. Y.   The general agent of the plaintiff solicited at Whitehall an order from the defendants for one of the plaintiff's cash registers.   The written order, dated there, directed the company to ship to the defendants, Whitehall, N. Y., a register f. o. b. at Alliance, Ohio, at the price of $270, with the agreement therein that the register should belong to the company until the price was paid.   At the time of giving the order the defendants paid the agent $25 to apply upon the purchase price, and the order recited "that it is taken subject to the acceptance of the plaintiff at Alliance, Ohio, and if not accepted by it any money paid thereon is to be refunded and any obligation incurred is to be canceled."   It also provided that, if the company was required to prepay express or freight charges, the same should be added to the invoice.   After the order and the $25 was delivered to the agent and forwarded to the plaintiff, the defendants discovered that attached to the order was a paper signed by them which was in substance a promissory note for the payment of the balance of the purchase price.   They wrote to the agent at Albany, claiming the note was obtained without their knowledge, and they would not recognize it.   The agent wrote the company, advising the surrender of the note, and thereupon the company wrote to the defendants, sending to them the so-called note, and saying: "If agreeable, after you have examined the paper, kindly return same, or, if you prefer to leave it as an open account, it will be satisfactory to us."   To which the defendants mailed a reply, acknowledging its receipt, thanking the plaintiff for it, and saying: "You have now in your possession the regular order, with our carbon signature, which gives you all record of the transaction."   The note was retained by the defendants.   The defendants offered to

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

prove, in substance, that the order was signed on condition that the plaintiff would execute a fidelity bond protecting the defendants from any claimed infringement of patent with reference to said cash register, which was excluded as tending to contradict the written order, to which ruling the defendants excepted.

The plaintiff had not procured from the Secretary of State a certificate that it was authorized to do business in this state, as required by section 15 of the general corporation law. The deposition of the plaintiff's treasurer was read in evidence. He swore that the company was doing business in the state of New York, and that Mr. Fossell had charge of the business in the county of Washington. His deposition shows that Fossell was appointed general agent in the state of New York in the counties of Chemung, Schuyler, Seneca, Cayuga, and other counties lying east of said counties in said state, except Rockland, Westchester, Kings, Queens, Nassau, and Suffolk counties; that he had to maintain a general office in the state, which was to be opened and operated under and in the name of the company, and all records and data of said office were to belong exclusively to the company; and that the commissions paid to him as such general agent should be in full and complete compensation for maintaining the general office, traveling expenses, clerk hire, and insurance on supplies, except goods which may be held on consignment belonging to the company. The plaintiff notified the defendants at Whitehall that it accepted the order, and certain correspondence took place between them with reference to the note and the bond, and later, and before the defendants undertook to cancel the order, they found much fault at the delay, claiming the register was not being shipped as agreed. Before the register was shipped the defendants notified plaintiff not to ship it: that they refused to receive it. Plaintiff shipped it thereafter, and this action is brought to recover the balance of the purchase price.

The defendants rely upon an alleged parol agreement to give the bond as a condition precedent to the contract, and upon the allegation that the plaintiff was not authorized to do business in the state of New York, and therefore cannot maintain the action.

Argued before SMITH, P. J., and KELLOGG, SEWELL, HOUGHTON, and BETTS, JJ.

O. A. Dennis, for appellants.

J. Sanford Potter, for respondent.

JOHN M. KELLOGG, J.   The $25 was paid in this state, and was to be repaid in this state if the plaintiff, at Alliance, Ohio, did not accept the contract. That part of the contract was clearly made in and to be performed in this state. When the note was surrendered, and the parties agreed "to leave it as an open account," the money was payable here. The plaintiff maintained, and operated in its name, an office at Albany, N. Y., and carried on its business in the territory named from that office, and by the personal canvass and solicitation of its general agent through the territory. The fact that the contract provides that it is subject to the acceptance of the company at Alliance, Ohio, does not change its character from a New York state contract. In some cases such a provision might be of significance, but in this case the other facts are so conclusive that it is substantially unimportant.

Section 15 of the general corporation law, which prohibits a foreign corporation from doing business in this state without having first procured from the Secretary of State the necessary certificate, provides:

"That no such corporation doing business in this state shall maintain an action here upon any contract made in this state unless prior thereto such certificate shall have been obtained."

The plaintiff and its contract are fairly within the terms of this statute. Plaintiff was therefore illegally doing business in this state and cannot maintain this action.

It is unnecessary to consider the exception to the ruling excluding the evidence of the parole agreement with reference to the fidelity bond.

The judgment should be reversed upon the law and the facts, and a new trial granted, with costs to the appellant to abide the event. All concur.